IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAREY JAMES BALBOA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-01037 |
| ) | Judge Crenshaw / Frensley |
| COMCAST CORPORATION and FBCS, Inc., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant FBCS, Inc. ("FBCS") (Docket No. 6) and a "Motion to Compel Arbitration and to Dismiss (or, in the Alternative, Stay) Plaintiff's Lawsuit" filed by Defendant Comcast Corporation ("Comcast") (Docket No. 9). Along with its Motion, each Defendant has filed a supporting Memorandum of Law. Docket Nos. 7, 10. Defendant Comcast has additionally filed the Declaration of Claudia Salcedo with Exhibits ("Salcedo Dec."). Docket No. 10-1.

Plaintiff has not responded to either Motion.

Plaintiff originally filed his Complaint in this action in the Circuit Court for Davidson County at Nashville, Tennessee. *See* Docket No. 1-2. Defendant FBCS subsequently removed Plaintiff's action to this Court (Docket No. 1), and Defendant Comcast consented to that removal (Docket No. 1-4). Although Plaintiff's Complaint names FBCS, Inc. as a Defendant, the allegations of Plaintiff's Complaint relate solely to Defendant Comcast. *See* Docket No. 1-2. Specifically, Plaintiff avers that he had been a Comcast internet customer in good standing, that

he moved locations and changed his services from a Comcast residential account to a Comcast business class account, and that Comcast never closed out his residential account, even though the Comcast business class account representative "promised that he would." *Id.* Plaintiff avers that, unbeknownst to him, his old residential account continued to stay active and incurring charges, even though Plaintiff had moved, had Comcast internet service at the new location, and had returned the residential equipment from his previous location. *Id.* Plaintiff contends that Comcast reported fraudulently that he owed money and had a delinquent account, and that, once he was made aware of his supposedly delinquent account, he notified Comcast both verbally and in writing that they had fraudulently reported his account as delinquent. *Id.* Plaintiff avers that Comcast refused to take his account out of collections, and maintains that he has been the subject of repeated written and telephonic attempts to collect the fraudulent debt. *Id.* Plaintiff contends that Comcast representatives claimed that the business class account representative "was not authorized to close the account at the previous resident," and hung up on him. *Id.* Plaintiff further avers that Comcast has refused to provide records showing that he had returned his residential equipment, and he maintains that Comcast told him that the accounting of such transactions are deleted after one year. *Id.* Plaintiff seeks an amount of "not less than $500,000 in actual damages," an amount of "not less than $500,000 in punitive damages," costs and "reasonable discretionary expenses of litigation," as well as "general relief." *Id.*

**1. FBCS, Inc.'s Motion to Dismiss**

FBCS seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's Complaint names them in the caption, but contains no allegations against them whatsoever. Docket No. 6.

Although not so stated, it appears that FBCS, Inc., may be a collections agency, and may be the collections agency to which Comcast turned over Plaintiff's allegedly delinquent account for collection. Docket No. 10. Liberally construing the allegations of Plaintiff's Complaint with this in mind, the only allegation that could be relevant to FBCS is that "Defendant has refused to take account out of collections, has written, called and continued to attempt to collect these fraudulent debts." Docket No. 1-2, ¶ 3. Taking these allegations as true, as the Court must do at this stage in the proceeding, Plaintiff does not allege that FBCS, when attempting to collect the disputed debt threatened, harassed, or in any way violated his rights.

The law is well-settled that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). Inasmuch as the Court can liberally construe Plaintiff's allegations against FBCS, Plaintiff has failed to state a claim against FBCS upon which relief can be granted. The undersigned therefore recommends that Defendant FBCS, Inc.'s Motion to Dismiss be GRANTED, and that FBCS, Inc. be terminated as a Defendant in this action.

## 2. "Motion to Compel Arbitration and to Dismiss (or, in the Alternative, Stay) Plaintiff's Lawsuit"

Comcast argues that Plaintiff was admittedly a subscriber of Comcast services and is therefore bound by Comcast's service agreement, "which unambiguously provides that Plaintiff or Comcast may elect to resolve any and all claims relating to the [*sic*] Comcast services through arbitration." Docket No. 9. Comcast asserts that it has elected to proceed with arbitration, thereby exercising its rights under the service agreement. *Id.* Comcast therefore asks this Court

to compel Plaintiff to participate in binding arbitration as required by the service agreement at issue and to dismiss (or alternatively stay) this action in light of the contractual requirement that claims be submitted to binding arbitration. *Id.*

Comcast argues that, when Plaintiff signed up for its residential services in December 2012, Plaintiff was provided with a written copy of its Agreement for Residential Services ("Agreement"), which Plaintiff accepted by using Comcast's services. *Id.*, *citing* Salcedo Dec., ¶¶ 3-5, 8. The Agreement contained an arbitration provision that survives the termination of Comcast services, which was specifically noted on the first page of the Agreement. *Id.*, ¶ 6; Ex. B. The Agreement also contained an "opt out" option, which allowed Comcast users to opt out of the arbitration provision without having an adverse effect on his/her relationship with Comcast. *Id.* Plaintiff did not opt out of the arbitration provision. *Id.*, ¶ 7.

Comcast notes that, in addition to the opt out option, the Agreement contained a number of additional consumer-friendly provisions to ensure that the arbitration was not burdensome "or otherwise unpalatable for subscribers such as Plaintiff." *Id.* Specifically, the Agreement's arbitration provision affords subscribers a convenient arbitral forum, requires Comcast to advance all arbitral filing fees and all of the arbitrator's costs and expenses, does not demand confidentiality, and provides for specific appellate procedures. *Id.*, *citing* Ex. B to Salcedo Dec.

Under the Federal Arbitration Act ("FAA"), in order to be enforceable, arbitration agreements must be in writing and must be part of a "contract evidencing a transaction involving commerce." 9 U.S.C. § 2. In the instant action, Comcast's arbitration provision is in writing and evidences a transaction in interstate commerce. *See* Ex. B to Salcedo Dec. Comcast's arbitration provision is, therefore, enforceable and governed by the FAA.

4

Moreover, Plaintiff has not objected to, or in any way responded to, the instant Motion.

Because Comcast's Agreement's arbitration provision is enforceable under the FAA; because the Agreement's arbitration provision provides Plaintiff with an opt out option, affords him a convenient arbitral forum, requires Comcast to advance all arbitral filing fees and all of the arbitrator's costs and expenses, does not demand confidentiality, and provides for specific appellate procedures; and because Plaintiff has not objected to the enforcement of the Agreement's arbitration provision, the undersigned recommends that this Court GRANT Defendant Comcast's Motion to Compel Arbitration.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge